Opinion of the Court, by
Ch. J. Boyle.
Allen, Ward and Prather leased to Camp a tavern in Louisville, for the term of five years, commencing the 9th of January 1819, at a rent of three thousand dollars per annum, payable quarterly. When the two first quarters’ rent became due, the lessors distrained, and Camp sued out a writ of replevin, and had the goods restored to him, Gray becoming his security to obtain the replevin.
On the 19th of August 1819, Camp executed two deeds of conveyance to Gray, the one for a. tract of land of 380 3-4 acres, and the other for his slaves and all his personal estate, including his household and kitchen furniture.
To set aside these deeds as fraudulent, the lessors filed this bill, praying that the property might be made subject to be sold for the payment of the rent due and to become due, and that Gray might be enjoined from selling or removing the same.
■ By an amended bill, filed the 24th of.May 1820, the •complainants charge that the rent which, had accrued since the Sling the original bill, was in arrear and un* paid.
oi'^musUrive judgmentánd execution, to deod'^of Ms debtor for land, on the b^rwfrMida lentf rAU U
(2) A land-withoutjucig* meni, have ijhefraudu-lils teifanffor personal property, set ft obstructs"6 his right of distress — Arg.
Bibb, for plaintiffs; Denny, for defendants.
Gray and Camp answered, and each of them denies the deeds to be fraudulent, and insists that they were made in consideration of money due from Camp to Gray, and for debts which Camp owed to others, and to paj- which Gray was bound, and had assumed upon their payment.
The circuit court decreed that the deed including the slaves and personal estate, should be annulled: but ^ n°tsetas>de the deed for the tract of land, and the complainants have appealed to this court,
(1) We can perceive no just ground the complain-an*s have to complain of the decree. They have not shown themselves to be creditors by judgment and execution, and without having done so, they could not be jn an attitude to impeach the deed for the tract of landj. 9n the score of its beinS fraudulent,
(2) We will not say that they might not be entitled to the aid of a court of equity in setting aside the other ^ee<^’ so ^ar as 't°PPosed an obstruction to their right to distrain for the rent in arrear; but the decree of the circuit court has at least gone far enough for that pur-Pose ’ f°1- their right to make distress duly extended to-the personal estate on the demised premises; and the decree has, therefore, given them relief to the full extent of their right.
The decree must be affirmed with costs.